Ricciardone, David, J.
The defendants seek an order compelling production of notes written by the plaintiff concerning events in the days leading up to her husband’s death in the aftermath of oral surgeiy. Plaintiff argues that the notes are protected by the attorney-client privilege, or otherwise not discoverable as “work product.”
Even assuming that the plaintiffs nephew, who is an attorney, actually advised the plaintiff to take the notes, this court does not view the notes themselves as “communications looking toward representation,” as the plaintiff argues, citing Commonwealth v. O’Brien, 377 Mass. 772, 775-76 (1979). In that criminal case, the court was sensitive to the fact that the mere question “(w]ill you be my lawyer?" in the context of criminal allegations may well be construed as consciousness of guilt. Id. The court in O’Brien went on to declare: “On the other hand, the privilege runs con-traiy to the interest in full disclosure of relevant information and, therefore, should be narrowly construed” and that “There is no presumption of confidentiality; it must be determined in the circumstances.” Id. at 775.[1]
Here, the plaintiffs notes were a contemporaneous recording of facts; this was an act that was not intended as private communications with her attorney, even if her nephew the attorney suggested that she do so.
Nor is the contention that such notes are protected under a theoiy of “work product” persuasive. In determining whether a document was prepared in anticipation of litigation, courts ask whether the document can be fairly said to have been prepared or obtained because of the prospect of litigation; the mere occurrence of an “incident that would possibly subject [an entity] to litigation is not dispositive of the determination whether the memorandum was prepared in anticipation of litigation,” City of Worcester v. HCA Management Co., Inc., 839 F.Sup. 86, 88 (D.Mass. 1993).
Further, as suggested in the “Reporter’s Notes— 1973" following Rule 26 of the Mass. Rules of Civil Procedure, the doctrine of work product exists to protect ”an attorney’s mental impressions and similar intellectual work-product. This protection applies also to ‘other representative(s) of a party’ provided their work relates to litigation" (citations omitted, emphasis supplied). Hence the language of the rule itself: “the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.” Rule 26(b)(3).
The plaintiffs notes here fall well outside the protections to be afforded true work product. The notes were made of facts which the party purportedly witnessed herself, were made at a time when litigation was a mere possibility, and deal with facts that she has placed at the center of this controversy when she filed suit. The notes must be disclosed.
Therefore, based on the foregoing, the defendants’ motion to compel production of documents is ALLOWED.
ORDER
The plaintiff is hereby ordered to produce the notes she identified in discoveiy to the defendants within fourteen (14) days of this decision.

I omit the internal citations but note that O’Brien cites the second case argued by the plaintiff, Foster v. Hall 12 Pick 89, 97-98 (1831), supporting the language of the text here.